{¶ 54} Unable to agree with the majority opinion, I respectfully dissent.
 {¶ 55} While the trial court record contains a number of documents, only three principal documents were filed prior to the trial court's decision at issue here: appellants' complaint, appellants' motion for temporary restraining order, preliminary and permanent injunctions, and the trial court's July 14, 2008 decision denying appellants' motion for a temporary restraining order and a preliminary injunction. The other documents in the trial court record, including appellants' amended complaint, were filed after appellants filed their notice of appeal from the July 14, 2008 trial court decision. *Page 22 
 {¶ 56} Appellants' original complaint, although arguably asserting a limited facial challenge to R.C. 3519.01(B) and 3519.05, primarily asserts the statutes are unconstitutional as applied to them. Appellants' second claim for relief seeks to enjoin any "restriction upon [appellants'] exercise of their reserved power of referendum"; their fourth claim asserts the statutes violate appellants' rights under the Ohio Constitution. If any doubt were to exist about the thrust of their complaint, part of their prayer for relief removes such doubt in seeking that "the ninety day period for filing of a referendum petition on HB 545 shall begin the day immediately following the Court's decision in this case."
 {¶ 57} Their motion for a temporary restraining order, preliminary injunction, and permanent injunction, the decision on which is the only matter before this court on appeal, also reveals the essence of their claim. In it, appellants seek to restrain and enjoin appellees from enforcing the statutory provisions to the extent that they require appellants to submit a summary to, or obtain the certification of, the Attorney General prior to circulating their summary petition to obtain signatures of electors in the state with respect to Sub. H.B. No. 545.
 {¶ 58} R.C. 3519.01(C) provides that "[a]ny person who is aggrieved by a certification decision under division (A) or (B) of this section may challenge the certification or failure to certify of the attorney general in the supreme court, which shall have exclusive, originaljurisdiction in all challenges of those certification decisions." (Emphasis added.) Having submitted to the certification process, appellants are aggrieved persons under the statute. *Page 23 
 {¶ 59} Moreover, how appellants choose to characterize their action does not resolve the statute's applicability. Whether appellants claim their action is a declaratory judgment, a facial or "as applied" constitutional challenge, or otherwise, it remains a challenge to the Attorney General's decision. Even if the action does not challenge the merits of the decision, it nonetheless challenges whether the decision can constitutionally consume ten of the 90 days allowed for gathering petition signatures. Appellants' attempt to separate the process from the actual decision does not render the statute inapplicable, as the statute governs all challenges. Indeed, if that were not the case, a litigant could avoid the Supreme Court's exclusive jurisdiction and forum shop for the court of choice.
 {¶ 60} I do not suggest a constitutional challenge to R.C. 3519.01 and3519.05 cannot ever be maintained in the common pleas court. It can, if it is begun before a party submits to the certification process. Prior to the certification process, a party anticipating a campaign to file a referendum petition would have standing, but would not yet be an aggrieved party under R.C. 3519.01(C). Had appellants actually intended to mount a constitutional challenge in a declaratory judgment in the common pleas court, they should have filed such an action in the common pleas court prior to submitting to the process of attorney general certification. Once, however, they underwent the certification process, they are aggrieved, whether it be from denied certification, withheld certification or the manner in which the certification decision allegedly violates their constitutional rights.
 {¶ 61} Such application of the statute creates a beneficial bright line test for jurisdiction. Under it, an aggrieved party, or one who has submitted to the certification *Page 24 
process, must file its action in the Supreme Court, regardless of how the party may portray the action. At the same time, such an application eliminates attempts to characterize a challenge to the certification decision as an "as applied" constitutional challenge or alternatively to portray an "as applied" challenge as a facial challenge, when the line separating the three is amorphous at best. Finally, such an application has the corollary benefit of hindering attempts to use the various courts as part of election strategy to achieve an end not contemplated in the statute's provisions.
 {¶ 62} Because the motion seeks relief concerning the referendum summary the Attorney General reviewed before the motion was filed, appellants' attack on the statutes falls squarely within the parameters of R.C. 3519.01(C). Regardless of how appellants attempt to package their action, they are an aggrieved party as a result of the Attorney General's decision, and they seek to challenge and enjoin the Attorney General's decision that otherwise would hinder or prevent their going forward with their referendum. Because they do, the exclusive jurisdiction lies in the Supreme Court of Ohio.
 {¶ 63} Accordingly, I would reverse the judgment of the common pleas court and remand with instructions to dismiss for lack of jurisdiction. Because the majority does not, I dissent. *Page 1